## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) ) JURY TRIAL DEMANDED |
| CIT GROUP INC., ELLEN R. ALEMANY, MICHAEL L. BROSNAN, MICHAEL A. CARPENTER, DORENE C. DOMINGUEZ, ALAN FRANK, WILLIAM M. FREEMAN, R. BRAD OATES, GERALD ROSENFELD, JOHN RYAN, SHELIA A. STAMPS, KHANH T. TRAN, LAURA S. UNGER, FIRST CITIZENS BANCSHARES, INC., FIRST-CITIZENS BANK & TRUST COMPANY, and FC MERGER SUBSIDIARY IX, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on October 16, 2020 (the "Proposed Transaction"), pursuant to which CIT Group Inc. ("CIT" or the "Company") will be acquired First Citizens BancShares, Inc. ("First Citizens"), Citizens Bank & Trust Company ("FCB"), and FC Merger Subsidiary IX, Inc. ("Merger Sub," and together with Parent and FCB, "BancShares").

2. On October 15, 2020, CIT's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with BancShares. Pursuant to the terms of the Merger Agreement, CIT's stockholders will receive 0.06200 of a share of First Citizens common stock for each share of CIT common stock they own.

3.  On November 16, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.  The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CIT common stock.

9. Defendant CIT is a Delaware corporation and maintains its principal executive offices at 11 W. 42nd Street, New York, New York 10036. CIT's common stock is traded on the New York Stock Exchange under the ticker symbol "CIT."

10. Defendant Ellen R. Alemany is Chief Executive Officer and Chair of the Board of the Company.

11. Defendant Michael L. Brosnan is a director of the Company.

12. Defendant Michael A. Carpenter is a director of the Company.

13. Defendant Dorene C. Dominguez is a director of the Company.

14. Defendant Alan Frank is a director of the Company.

15. Defendant William M. Freeman is a director of the Company.

16. Defendant R. Brad Oates is a director of the Company.

17. Defendant Gerald Rosenfeld is a director of the Company.

18. Defendant John Ryan is a director of the Company.

19. Defendant Sheila A. Stamps is a director of the Company.

20. Defendant Khanh T. Tran is a director of the Company.

21. Defendant Laura S. Unger is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

23. Defendant First Citizens is a Delaware corporation and a party to the Merger Agreement.

24. Defendant FCB is a North Carolina chartered commercial bank, a wholly-owned subsidiary of First Citizens, and a party to the Merger Agreement.

25. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of FCB, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

26. CIT is a financial holding company with over a century of experience and operates a principal bank subsidiary, CIT Bank, N.A. ("CIT Bank").

27. CIT Bank's commercial banking segment includes commercial financing, community association banking, middle market banking, equipment and vendor financing, factoring, railcar financing, treasury and payments services, and capital markets and asset management.

28. CIT Bank's consumer banking segment includes a national direct bank and regional branch network

29. On October 15, 2020, CIT's Board caused the Company to enter into the Merger Agreement with BancShares.

30. Pursuant to the terms of the Merger Agreement, CIT's stockholders will receive 0.06200 of a share of First Citizens common stock for each share of CIT common stock they own.

31. According to the press release announcing the Proposed Transaction:

> First Citizens BancShares, Inc. (NASDAQ: FCNCA) ("First Citizens"), the parent company of First-Citizens Bank & Trust Company, and CIT Group Inc. (NYSE: CIT) ("CIT"), the parent company of CIT Bank, N.A., jointly announced today that they have entered into a definitive agreement under which the companies will combine in an all-stock merger of equals to create the 19th largest bank in the United States based on assets. . . .
>
> Under the terms of the definitive merger agreement, which was unanimously approved by the Boards of Directors of both companies, CIT stockholders will receive 0.0620 shares of First Citizens class A common stock for each share of CIT common stock they own. First Citizens stockholders will own approximately 61% and CIT stockholders will own approximately 39% of the combined company. . . .

Approval and Timing

The merger is expected to close in the first half of 2021, subject to satisfaction of customary closing conditions, including receipt of regulatory approvals and approval by the stockholders of each company.

Transaction Advisors

Piper Sandler & Co. served as financial advisor to First Citizens, with Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P. serving as legal advisor. Keefe, Bruyette & Woods, A Stifel Company, and Morgan Stanley & Co. LLC served as financial advisor to CIT, with Sullivan & Cromwell LLP serving as legal advisor.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

32. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33. As set forth below, the Registration Statement omits material information.

34. First, the Registration Statement omits material information regarding the Company's financial projections.

35. The Registration Statement fails to disclose the CIT Street Estimates, the Case 1 Adjusted CIT Financial Projections, and the Case 2 Adjusted CIT Financial Projections.

36. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors, Keefe, Bruyette & Woods, Inc. ("KBW") and Morgan Stanley & Co. LLC ("MS").

38. With respect to KBW's Selected Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

39. With respect to KBW's Relative Contribution Analysis, the Registration Statement fails to disclose: (i) the balance sheet data used in the analysis; (ii) the CIT Street Forecasts used in the analysis; (iii) the adjusted financial forecasts and projections of CIT used in the analysis; and (iv) the diluted share counts used in the analysis.

40. With respect to KBW's Pro Forma Financial Impact Analysis, the Registration Statement fails to disclose: (i) the closing balance sheet estimates used in the analysis; (ii) the CIT Street Forecasts used in the analysis; and (iii) the "pro forma assumptions."

41. With respect to KBW's CIT Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the CIT Street Forecasts used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates ranging from 11.0% to 14.0%; (iii) the estimated excess cash flows that CIT could generate over the five-year period from 2021 through 2026; (iv) CIT's terminal values; and (v) KBW's basis for applying a range of 7.0x to 9.0x, assuming 8.0% earnings growth and 6.0% balance sheet growth, and assuming that CIT would maintain a common equity tier 1 ratio of 10.50%.

42. With respect to KBW's First Citizens Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 12.0%; (ii) the estimated excess cash flows that First Citizens could generate over the five-year period from 2021 through 2026; (iii) First Citizens' terminal values; and (iv) KBW's basis for applying a range of 9.0x to 12.0x, assuming 9.0% earnings growth and 7.0% balance sheet growth, and assuming that First Citizens would maintain a common equity tier 1 ratio of 10.00%.

43. With respect to KBW's Pro Forma Combined Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the cost savings, related expenses, accounting adjustments, and restructuring charges used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates ranging from 10.5% to 12.5%; (iii) the estimated excess cash flows that the pro forma combined entity could generate over the five-year period from 2021 through 2026; (iv) the pro forma combined entity's terminal values; and (v) KBW's basis for applying a range of 9.0x to 11.0x and assuming that the pro forma combined entity would maintain a common equity tier 1 ratio of 10.00%.

44. With respect to MS's Public Trading Comparables Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

45. With respect to MS's CIT Dividend Discount Analysis, the Registration Statement fails to disclose: (i) the CIT Street Forecasts used in the analysis; (ii) the terminal values of CIT; (iii) MS's basis for using a range of terminal forward multiples of 7.0x to 9.0x, assuming 8% annual growth, assuming that CIT would make distributions of capital in excess of the amount necessary to achieve a 10.5% common equity Tier 1 ratio level, and assuming a 1.0% opportunity cost of cash; and (iv) the individual inputs and assumptions underlying the 12.5% to 14.0% discount rates.

46. With respect to MS's CIT Analyst Price Targets Analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

47. With respect to MS's First Citizens Dividend Discount Analysis, the Registration Statement fails to disclose: (i) the terminal values of First Citizens; (ii) MS's basis for using a range of terminal forward multiples of 9.0x to 11.0x, assuming 9% annual growth, assuming that

First Citizens would make distributions of capital in excess of the amount necessary to achieve a 10.0% common equity Tier 1 ratio level, and assuming a 1.0% opportunity cost of cash; and (iii) the individual inputs and assumptions underlying the 6.8% to 8.8% discount rates.

48. With respect to MS's Pro Forma Accretion/Dilution Analysis, the Registration Statement fails to disclose: (i) the CIT Street Forecasts used in the analysis; and (ii) the synergies used in the analysis.

49. With respect to MS's Pro Forma Dividend Discount Analysis, the Registration Statement fails to disclose: (i) the CIT Street Forecasts used in the analysis; (ii) the synergies used in the analysis; (iii) the terminal values of First Citizens Class A common stock; (iv) MS's basis for using a range of terminal forward multiples of 9.0x to 11.0x, assuming that First Citizens would make distributions of capital in excess of the amount necessary to achieve a 10.0% common equity Tier 1 ratio level, and assuming a 1.0% opportunity cost of cash; and (v) the individual inputs and assumptions underlying the 9.2% to 11.2% discount rates.

50. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

51. Third, the Registration Statement omits material information regarding KBW and MS.

52. The Registration Statement fails to disclose the amount of compensation KBW received for acting "as (i) joint book-running manager for CIT's August 2018 offering of senior unsecured notes, (ii) joint book-running manager for CIT Bank's September 2019 offering of senior unsecured fixed-to-floating rate notes, (iii) senior co-manager for CIT's November 2019 offering of preferred stock, (iv) senior co-manager for CIT's November 2019 offering of fixed-to-

fixed rate subordinated notes and (v) financial advisor to CIT in connection with its September 2020 disposition of its investment management and trust business."

53. The Registration Statement fails to disclose the timing and nature of the past services MS provided to the Company.

54. The Registration Statement also fails to disclose whether MS has performed past services for First Citizens or its affiliates, and if so, the timing and nature of the services and the amount of compensation received by MS for providing the services.

55. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

56. Fourth, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

57. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

58. The omission of the above-referenced material information renders the Registration Statement false and misleading.

59. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CIT

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. CIT is liable as the issuer of these statements.

62. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

63. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

64. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

65. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

66. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

67. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and BancShares

68. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69. The Individual Defendants and BancShares acted as controlling persons of CIT within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of CIT and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

70. Each of the Individual Defendants and BancShares was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

71. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

72.     BancShares also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

73.     By virtue of the foregoing, the Individual Defendants and BancShares violated Section 20(a) of the 1934 Act.

74.     As set forth above, the Individual Defendants and BancShares had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 2, 2020

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*